### LEDBETTER *v.* McWILLIAMS *et al.*

1. A petition under section 3962 of the code to foreclose a mortgage on realty is pleading, and is within the statute of amendment embraced in section 3479 of the code.

2. The amendment of such petition does not entitle the mortgagor to a continuance on the ground of surprise, unless he makes oath, or his counsel states in his place, that he is less prepared for trial and how he is less prepared, and that surprise is not claimed for the purpose of delay. Code, §3521.

3. A plea to an original petition denying, substantially, that the amount claimed therein is due, is no answer to an amended petition which reduces that amount materially by setting forth various credits to which the mortgagor is entitled. The striking of such plea after allowance of the amendment is no ground for a new trial.

4. That the rule absolute is confined to one or more separate parcels of land embraced in the petition for foreclosure and the rule *nisi,* omitting others, will not vitiate the rule absolute, the proper construction of the proceeding, taken all together, being that the mortgagee abandons his lien as to the parcels against which no judgment of foreclosure is entered.      *Judgment affirmed.*
August 1, 1892.

Mortgage. Amendment. Continuance. Pleading. Judgment. Before Judge MADDOX. Floyd superior court. September term, 1891.

On October 23, 1891, the case of W. T. and O. H. McWilliams *v.* A. W. Ledbetter came on to be heard in the court below. A rule *nisi* had been granted upon the petition of plaintiffs to foreclose a mortgage against defendant, and when the case was taken up for trial a demurrer filed by the defendant was presented. After the reading of the demurrer, plaintiffs filed an amendment to their original petition to foreclose. Upon the filing of the amendment defendant moved for a continuance for the term, upon the grounds of a surprise and that he was by law entitled to three months notice of the petition to foreclose, and that the amendment made out a different cause of action from that in the original petition. This motion was overruled, but the court from time to time passed the case until October 29th, when he ordered that defendant file his plea by November 23d. On November 27th, on motion of plaintiffs, he called up the case, at which time the juries of the term had all been discharged, and then gave a rule ab-

solute in favor of plaintiffs against the defendant. In the meantime defendant had filed his plea, but the plea upon demurrer by plaintiffs had been dismissed by the court. The description of the property in the rule absolute differed from that in the petition or any amendment thereto, the difference being that the land described in the petition and amendments consisted of separate parcels, some but not all of which were described in the rule absolute. The errors assigned are, to the allowance of amendments over objection of defendant; to the refusal to continue for the term; to the sustaining of the demurrer to the plea; and to the rendition of the rule absolute upon a different description of property from that stated in plaintiffs' petition and amendments, and after the juries had been discharged.

The petition alleged that on March 25th, 1887, the defendant made his promissory note to petitioners for $5,000, with interest from maturity at the rate of eight per cent. per annum, with all costs of collection, including attorney's fees, waiving homestead and exemption rights, and to secure the payment of said note did at the same time make and deliver to plaintiffs his mortgage deed conveying certain property which was described in the petition, the conveyance to cease and become void upon payment of the note with interest; that the note and mortgage deed are long past due, which would appear by reference to them, now to the court shown; that defendant failed and refused to pay the same; and that there was still a large amount of principal, interest, attorney's fees and costs due on said mortgage deed and promissory note, which petitioners are entitled to collect. The prayer was, that the court grant a rule requiring defendant to pay in, on or before the first day of the next term, the principal, interest, attorney's fees and costs due on the mortgage and promissory note, and in default that the mortgage be

foreclosed. The rule *nisi* ordered that defendant pay in the principal, interest, attorney's fees and cost due on the note and mortgage deed, etc. Before the case came on for hearing an amendment to the petition was allowed, alleging that the promissory note was due eight months after its date and bore interest from maturity at eight per cent. per annum. The demurrer was upon the grounds : (1) That plaintiffs had not set forth facts sufficient to base any judgment of foreclosure upon, nor was there any legal statement of their case. (2) The petition did not set out the amount of plaintiffs' demand. No amount, either of principal or of interest claimed, was stated in the petition. While it was stated that the note referred to in the petition bore interest at eight per cent. per annum from maturity, it was not stated when the note matured, nor was it anywhere stated how much principal was due, nor the date of any credits, so that a calculation might be based thereon.

It does not appear whether or not this demurrer was filed before the amendment last above was allowed. The amendment allowed after the reading of the demurrer and upon the filing of which defendant moved for a continuance, was, that the promissory note was dated March 25, 1887, due November 25, 1887, bore interest from maturity at eight per cent. per annum, and was for $5,000 principal ; that there had been paid to petitioners certain sums of money (specifically set out, with the dates of payment), all of which had been entered as credits ; and that there was due and owing on the note, at the date of the amendment. $3,963.13 principal, and $125.27 interest, with accruing interest at eight per cent. per annum, and ten per cent. on the principal and interest and on the last credit mentioned, paid since the proceedings were begun [as attorneys' fees], but as the attorneys' fees were not secured by the mortgage, petitioners prayed for rule absolute for said principal, interest and cost only.

The plea of defendant was a plea of not indebted in the amount stated in the rule *nisi;* and the further plea that plaintiffs had for a valuable consideration waived their lien upon a large portion of the premises described in the rule *nisi,* and therefore plaintiffs should not have a rule absolute upon the property described in the rule *nisi.* The demurrer to the plea was upon the grounds that the plea did not take issue on the amended petition; and that it set forth no legal defence.

DEAN & SMITH, for plaintiff in error.

DABNEY & FOUCHÉ, *contra.*