18917. ZELLNER, administratrix, *v.* HALL.

HAWKINS, Justice. This is the second appearance of this case in this court. For a statement of the nature of the case and of the facts concerning the various transactions involved, and the law applicable thereto, see *Zellner* v. *Hall,* 210 *Ga.* 504 (80 S. E. 2d 787). Following that decision, a trial in the superior court resulted in a verdict in favor of the plaintiff, and the case is here on exceptions by the defendant to the denial of her motion for a new trial as amended. *Held:*

1. Since the contract entered into between Turner and Gaddis relative to the sale of the Gordon Cafe property, by the terms of which Gaddis assumed and agreed to pay the unpaid balance owing by the plaintiff Hall to English, and to which contract English assented in writing on December 9, 1949, shows on its face that the interest rate on the unpaid balance was reduced from 8 to 6 percent—even if it was erroneous to permit Gaddis to testify to this fact, as complained of in ground 1 of the amended motion for a new trial, such error was harmless.

2. Grounds 2 and 3 of the amended motion, complaining of the refusal of the trial court to give in charge to the jury the written requests

therein set out, are without merit, since the principles of law there announced are not applicable to the issues presented by the record in this case.

3. While that portion of the charge of the court on the impeachment of witnesses by proof of bad character was not authorized by the evidence, and should not have been given, under the facts of this case it was not such harmful error as to require a reversal. *Rountree* v. *Todd,* 210 *Ga.* 226 (78 S. E. 2d 499).

4. The charge complained of in ground 5 of the amended motion for a new trial is in almost the identical language of Code § 103-202, and in accord with the previous decision in this case, and is not erroneous for any reason assigned.

5. As pointed out in headnote 3 of the previous decision, when English, the holder of a note and security deed executed by Hall, signed the entry on the contract between Turner and Gaddis on December 9, 1949, accepting Gaddis as his principal debtor, English thereby recognized and became bound by the relation of principal and surety existing between Hall, the maker of the security deed, and Gaddis, who had purchased the Gordon Cafe property covered thereby, and had assumed and agreed to pay the outstanding indebtedness against the property evidenced by the note and security deed executed by Hall. Up until that time, as between Hall and English, Hall remained bound as principal, as shown by his agreement to that effect dated August 17, 1949, entered on the inside of his deed to secure debt at the time of the transfer by Woodward of his interest in the Gordon Cafe property to Turner. Since the provisions of Code § 103-202 have application only to a surety, and provide that "Any change in the nature or terms of a contract is called a novation; such novation, without the consent of the surety, discharges him," even if to his advantage (*Bethune* v. *Dozier,* 10 *Ga.* 235; *Taylor* v. *Johnson,* 17 *Ga.* 521; *Alropa Corporation* v. *Snyder,* 182 *Ga.* 305, 185 S. E. 352), the change in the rate of interest called for by Hall's contract from 8 to 6 percent at the time of the sale of the Gordon Cafe property by Hall to Woodward and Turner, when Hall remained bound to English as principal debtor, would not operate to relieve him from responsibility on his note ·and deed to secure debt. It was error for the court to instruct the jury, as complained of in ground 6 of the amended motion for a new trial, that "I charge you that if Mr. Hall did not agree to the reduction of interest rates from 8% to 6% at the time Woodward and Turner purchased the cafe, it would be your duty to find in favor of the plaintiff, Mr. Hall." If the change in the rate of interest was made at a time when Hall remained bound to English as principal, it would not operate to discharge him, but such a change, in order to discharge Hall, must have been made without his knowledge or consent at a time when he occupied as to English a relationship of surety only. As pointed out in the previous decision of this case, that relationship arose only when English accepted Gaddis as his principal debtor by the entry made by English on the back of the bill of sale from Turner to Gaddis on December 9, 1949, when Gaddis assumed and agreed to pay the outstanding indebtedness against the property. For the reasons herein pointed out, it was also error for the court to charge the jury, as com-

plained of in ground 7 of the amended motion, that if they should find that the interest rate was reduced without the consent of Mr. Hall, they should find in his favor, without in the same connection instructing the jury that this change must have been made at a time when Hall occupied as to English the relation of surety.

6. While the evidence authorized, it did not demand a verdict for the plaintiff, and because of the errors pointed out in the preceding division of this opinion, the judgment denying the motion for a new trial must be

*Reversed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*

ARGUED APRIL 11, 1955—DECIDED MAY 9, 1955.

*W. B. Mitchell, Williams & Freeman,* for plaintiff in error.

*George R. Jacob, Harvey J. Kennedy, Kennedy, Kennedy & Seay, John Andy Smith, A. M. Zellner, Hugh D. Sosebee,* contra.