### 38142. PEACHTREE ROXBORO CORPORATION *v.* UNITED STATES CASUALTY COMPANY, *et al.*

Decided March 9, 1960—Rehearing denied
March 24, 1960.

*Moise, Post & Gardner, Allen Post, J. William Gibson, Albert G. Norman, Jr.,* for plaintiff in error.

*Robert E. Hicks, Alex McLennan, James W. Dorsey, Nall, Miller, Cadenhead & Dennis,* contra.

GARDNER, Presiding Judge. As has been stated hereinabove, Count I of the petition alleges that the defendant construction company agreed, by contract with the plaintiff, to build for the plaintiff a building for a stipulated price, and to furnish all labor and materials for the building of the same, and that after the plaintiff had paid to such principal the amount due under the terms of the contract, the plaintiff was required to pay, and did pay $165,244.09 to subcontractors, laborers and material men who furnished material and performed work on the construction of the building, in order to prevent the filing of liens on the building.

On page 2 of the performance bond it is provided that the defendant casualty company, as surety, on default of the principal "may promptly remedy the default" *or* shall promptly complete the contract, or obtain bids for submission to the owner for completing the contract, and arrange for a contract between such bidder and the owner to complete the building.

Code § 20-704 states: "Rules of interpretation.—The following rules, among others, may aid in arriving at the true interpretation of contracts: . . . 5. If the construction is doubtful, that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred."

In *State Mutual Life Ins. Co.* v. *Forrest,* 19 *Ga. App.* 296 (1)

(91 S. E. 428) this court said: "Insurance policies are prepared and proposed by the insurers; and, where such a contract is capable of being construed in two ways, that interpretation must be placed upon it which is most favorable to the insured. Especially is this true where, as in this case, the construction insisted upon by the company would work a forfeiture of the policy, while the other will preserve the obligations of both the company and the insurer." See also *Johnson* v. *U. S. Fidelity &c. Co.*, 93 *Ga. App.* 336, 341 (91 S. E. 2d 779) and *Johnson* v. *Mutual Life Ins. Co.*, 154 *Ga.* 653 (1) (115 S. E. 14).

In *Wilson-Weesner-Wilkinson Co.* v. *Collier*, 62 *Ga. App.* 457, 464 (8 S. E. 2d 171), this court said: "The word 'may' has frequently been held to mean 'must.' The use of the permissive word 'may' is always to be considered in connection with its context and the subject-matter."

It is obvious that after the plaintiff has performed all of its obligations under the contract, and has made the periodic and final payments required therein, and when subcontractors, laborers and material men have brought to light certain claims against the building, the only remedy which is available to anyone is simply to pay such claims. At that point it is too late to complete the contract in accordance with its terms, and it is too late to obtain bids to complete the building. Certainly the defendant casualty company cannot argue that the contract gives it an option, which cannot, under such circumstances, be exercised. The only course left to the defendant under the facts of this case is to promptly remedy the default by the payment to the plaintiff of those sums which the plaintiff was required to pay, and did pay, to such claimants in order to prevent the filing and foreclosure of liens on the building. It is clear that under these circumstances the plaintiff had the right to pay laborers, material men and subcontractors. See *Massachusetts Bonding &c. Co.* v. *Realty Trust Co.*, 142 *Ga.* 499, 508 (83 S. E. 210).

It follows that under the allegations of Count I, the payments to subcontractors, laborers and material men were not premature payments. However, even were such payments premature, the surety in this case would not be discharged.

The plaintiff was under no obligation to inform the defendants

of the outstanding claims of the laborers, material men and sub-contractors. The bond requires no notice of any default to be given by the plaintiff. In *McMullan* v. *Community Accept-ance Corp.*, 78 *Ga. App.* 616, 618 (51 S. E. 2d 575), this court held: "We know of no provision of the law which would require the plaintiff to notify the defendant of such default. There seems to be required of a surety some sort of diligence on his part to ascertain whether his principal or creditor is complying with the contract on which he is surety." We do not see how the surety company was prejudiced and its risk increased. See also, *Georgian Co.* v. *Jones*, 154 *Ga.* 762 (1) (115 S. E. 490), *Hunnicutt* v. *Perot*, 100 *Ga.* 312 (2) (27 S. E. 787), and *Connor* v. *Hodges*, 7 *Ga. App.* 153 (66 S. E. 546).

The plaintiff was entitled to pay the claims of laborers and material men although it had already paid to the defendant con-struction company the full guaranteed contract price. The con-tract, attached as an exhibit to the original petition, obligated the plaintiff to make progress payments. Furthermore, there is an allegation, not specially demurred to, in paragraph 5 of Count I of the petition as follows: "Plaintiff has performed all of its obligations arising under said contract."

Even if the payment by the plaintiff of the guaranteed con-tract price, before the payment to laborers and material men was improper (which is specifically denied), the defendant casualty company is required to show that its risk was increased thereby in order to receive a discharge from its obligations under the bond. A compensated surety is not a favorite of the law. A departure from the terms of a construction contract must be such as to prejudice a paid surety before it may be discharged. See 127 A. L. R. 62.

It is our opinion that Count I of the petition does state a cause of action, and the demurrers thereto should not have been sus-tained.

The question raised by the general demurrers to Count II of the petition is whether the plaintiff, by paying the laborers, ma-terial men, and subcontractors, amounts which the principal un-der the bond should have paid but did not pay, may sue in this action for recovery of such amounts from the defendants under

the labor and material payment bond, which is attached as an exhibit to the original petition. The plaintiff has a right to recover from the bonding company for such payments, even in the Civil Court of Fulton County. See *Sasser v. Service Motor Sales,* 76 *Ga. App.* 609 (46 S. E. 2d 628). ·

Count II of the petition does state a cause of action, and the court should not have sustained the general demurrers thereto.

As to Count III, under the bond now before us, notice need be given only to two of the following: The principal, the owner, *or* the surety. The defendant casualty company, in its bond, did not require any notice whatsoever to be given to it. If the notice was inadequate, the defendant casualty company certainly could have provided for what it would consider adequate notice by including such within the provisions of the bond. It had ample opportunity to protect itself, if it feels it needs protection.

Under the allegations of Count III of the petition, the plaintiff was a claimant as defined in the bond, and did furnish labor and material used or reasonably required for use in the performance of the contract, and the plaintiff was not paid for the same, and is entitled to recover as against the defendant casualty company under the labor and material payment bond. The general demurrers to Count III should not have been sustained.

Count IV of the petition alleges a cause of action against the defendants under the performance bond, and not under the labor and material payment bond. Paragraph 4 of Count IV alleges as follows: "Defendant United States Casualty Company had knowledge of such departure from the terms of the contract by the plaintiff and the defendant Ivey Brothers Construction Company, Inc., and acquiesced therein and assented thereto, and has waived its right to rely upon, and is estopped from relying upon, a strict performance of the terms of the original contract insofar as those terms were varied by the said mutual departure therefrom. The plaintiff has performed all of the said contract, as varied and assented to according to paragraph 4 of this Count IV."

A surety which assents to a method and manner of payment by the owner may not complain of the same. It is particularly important to note that the plaintiff, in the language from para-

graph 4 above quoted, has alleged that the defendant casualty company had knowledge of the departure *and* acquiesced therein *and* assented thereto *and* has waived its right to rely upon, *and* is estopped from relying upon a strict performance of the terms of the original contract. The plaintiff has therefore alleged more than mere knowledge, and more than mere silence. The plaintiff has affirmatively alleged acquiescence, waiver, and estoppel.

Count IV of the petition does set forth a cause of action, and the motion to dismiss should not have been sustained.

The trial court sustained grounds 3 and 4 of the special demurrers of the defendant casualty company which were directed to paragraphs 4 and 5 of Count III of the petition. It is our opinion that these demurrers should have been overruled. It is our opinion also that the court erred in overruling grounds 3, 7, 8, 9 and 10 of the plaintiff's demurrers to the defendant casualty company's answers to Counts I, II and III of the petition. See *Jones* v. *Robinson*, 172 *Ga.* 746, 760 (158 S. E. 752), *Budget Charge Accounts* v. *Peters*, 213 *Ga.* 17, 18 (96 S. E. 2d 887), and *Collins* v. *Lambert*, 59 *Ga. App.* 651 (2 S. E. 2d 165).

For the reasons set out hereinabove the case is reversed.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*