### 43552. PALMES et al. v. SOUTHERN MECHANICAL COMPANY et al.

JORDAN, Presiding Judge. Wade Palmes and Charles M. Bettis, d/b/a Allsouth Construction Company, the prime contractors for the construction of a bowling alley in Tucker, Georgia, filed this action in Fulton Civil Court against a subcontractor, Southern Mechanical Company, the principal on a performance bond for $2,900, and the Fidelity & Casualty Company of New York, the surety, seeking as damages the amount of the bond. The plaintiffs obtained service only on the surety. The evidence discloses, among other things, that the subcontractor constructed a sewer line across another's property without an easement and that the prime contractors, after unsuccessful efforts to get the subcontractor to correct the situation by routing the line another way, no easement being available, hired another at a cost exceeding the bond. The bond, dated October 21, 1963, covers "furnishing and installing plumbing and septic tanks for the Tucker Lanes" and by reference incorporates the subcontract. The subcontract in turn refers to the prime contract and various plans, drawings, and specifications and a "sewer tap" is listed under the plumbing specifications, but there is evidence that connection to a septic tank was intended, and connection to a septic tank appears on the drawings dated "9-10-63." On March 9, 1964, the owner and the prime contractors executed a written change order, which increased the contract by $150 "to run plumbing line into the existing sewer." A bill from the subcontractor, dated April 20, 1964, shows an identical increase in the amount of the subcontract, from $2,900 to $3,050. This change was effected apparently without notifying the surety or making

any change in the performance bond. The plaintiffs appeal from the overruling of a motion for new trial. *Held:*

As argued and insisted upon, the controlling issue is whether under the evidence and law applicable thereto the trial judge erred in rendering judgment for the surety and in refusing thereafter to grant a new trial. A contract of suretyship is one of strict law, and the surety's liability will not be extended by implication or interpretation. *Code* § 103-103. Any novation without the consent of the surety, or increase in risk, discharges the surety. *Code* §§ 103-202, 103-203. We think that the trial judge, acting as judge and jury was authorized to determine that the prime contractors and the subcontractor reached an agreement beyond the terms previously stipulated in the performance bond, and therefore not binding on the surety. Under such circumstances judgment was authorized for the surety, and the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED APRIL 3, 1968—DECIDED APRIL 22, 1968.

*Candler, Cox, McClain & Andrews, E. Lewis Hansen,* for appellants.

*Swift, Currie, McGhee & Hiers, Glover McGhee, Albert E. Phillips,* for appellees.