### 45570. HURT v. HARTFORD FIRE INSURANCE COMPANY et al.

PANNELL, Judge. Hartford Fire Insurance Company and Hartford Accident & Indemnity Company brought a complaint against M. A. Foster and T. J. Hurt alleging that on November 1, 1964, an agreement for incorporated agency was entered into between the plaintiffs and Hurt, Hobgood and Foster, Inc., and the defendants, who were officers and stockholders or directors of the corporation, contemporaneously executed an agreement, in consideration of the execution of the agency agreement, by which the individuals, J. W. Hobgood, T. J. Hurt, and M. A. Foster did "hereby guarantee and bind ourselves to the [plaintiffs] its successors and assigns, for the faithful performance by the above named incorporated agency of all its duties as such agent of said Insurance Company, and the faithful and proper accounting for and payment by it of all moneys of or due said Insurance Company, or resulting from the operation of said Agency. We will reimburse said [plaintiffs] for all unearned commissions on policies canceled, and on notes not paid at maturity, and hold it harmless against any loss or expense which it may incur by reason of any failure of said Agency to fully perform its said duties or make payments as aforesaid. For the faithful performance of which obligations, we hereby bind ourselves, our heirs, executors, and administrators, jointly and severally, by these presents." The petition sought recovery for losses incurred under the agency agreement of November 1, 1964.

Pursuant to discovery procedures, it appeared that the plaintiff did subsequently on May 3, 1965, enter into a similar individual agreement with Mr. Hobgood alone and that the purpose of this agreement was to provide a guarantee or suretyship for trans-

actions occurring after May 3, 1965, and that his new agreement was made at that time because it was understood that Mr. Hurt and Mr. Foster were withdrawing from the agency operation on the basis of an agreement between them and Mr. Hobgood. On the basis of this, the defendant Hurt moved for summary judgment on the ground that his agreement was one of suretyship and that since a change had been made in the terms of the agreement, he was released as surety, citing as authority *Wolkin v. National Acceptance Co.,* 222 Ga. 487 (150 SE2d 831); *Penn Tobacco Co. v. Leman & Co.,* 109 Ga. 428, 430 (34 SE 679); *Stanfield v. McConnon & Co.,* 25 Ga. App. 226, 230 (102 SE 908); *Arkansas Fuel Oil Co. v. Young,* 66 Ga. App. 33, 36 (16 SE2d 909); *Haigler v. Adams,* 5 Ga. App. 637 (2) (63 SE 715); *Overcash v. First Nat. Bank,* 115 Ga. App. 499 (155 SE2d 32); *Bethune v. Dozier,* 10 Ga. 235; *Taylor v. Johnson,* 17 Ga. 521; *Alropa Corp. v. Snyder,* 182 Ga. 305 (185 SE 352); *Zellner v. Hall,* 211 Ga. 572 (5) (87 SE2d 395); *Palmes v. Southern Mechanical Co.,* 117 Ga. App. 672 (161 SE2d 413); *Code* §§ 103-201, 103-202. The trial judge refused to grant the summary judgment and the defendant appealed to this court. *Held:*

Assuming, without deciding, that the agreement signed by the individuals was an agreement of suretyship, it does not appear that any change was made in the contract with the principal, nor does it appear that any of the co-sureties were released. That the obligations of the appellant and his co-defendant for any *future* defaults of the principal may have been terminated by the new agreement of suretyship signed by one of the original sureties did not amount to a release of a surety within the meaning of the cases and statutes above referred to; and it not appearing that any of the defaults for which recovery is shown occurred subsequently thereto, the trial court did not err in refusing to grant appellant's motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
ARGUED SEPTEMBER 11, 1970—DECIDED OCTOBER 23, 1970.

*J. A. Cochran,* for appellant.