## 51881. TRAVELERS INDEMNITY COMPANY v. SASSER & COMPANY.

EVANS, Judge.

Sasser & Company was a sub-contractor, installing plumbing, heating, and air conditioning in a high-rise apartment building constructed in Savannah, Georgia. This work was performed for two construction corporations as one prime contractor, which corporation entered into a joint venture for this job. Sanford Construction Company was one of the members of the joint venture.

A bond for payment of labor and material was executed by The Travelers Indemnity Company in which Sanford Construction Company, Inc. was named as principal. The bond provides that Travelers is firmly bound unto Savannah Housing Associates, as owner, for the use and benefits of claimants, "for the payment whereof Principal and Surety bind themselves . . . jointly and severally." Travelers agrees in said bond to pay all claimants for work or labor performed, or materials furnished by claimants who "may sue on this bond for the use of such claimant" and who may prosecute the suit to final judgment for such sums as may be justly due claimant, and have execution issued thereon.

A materialman's claim of lien was subsequently filed

by Sasser. Later, Sasser filed suit against the owners of the property and the prime contractor. The Travelers Indemnity Company was added as a party defendant on the ground that it was a surety on a bond given by the defendant.

Plaintiff moved for summary judgment against the original defendants which was denied. But on appeal, in *Sasser & Co. v. Griffin,* 133 Ga. App. 83 (210 SE2d 34), this court reversed in part, saying the general contractor was liable to the plaintiff even if its performance was late, where the work was accepted.

Plaintiff then moved for summary judgment against the Travelers Indemnity Company, based upon language in *Sasser & Co. v. Griffin,* 133 Ga. App. 83, supra, p. 87. That language is as follows: "The liability of defendant Travelers, who is jointly and severally liable with Sanford and Space under the payment and performance bond, and who pled in the same manner and substance as Sanford and Space, is the same."

Summary judgment was granted in favor of plaintiff against Travelers in the amount of $29,749.59, principal, and $8,776.96 as interest, and $7,437.47 as damages. The Travelers Indemnity Company, defendant, appeals. *Held:*

1. Travelers, defendant herein, contends that a condition precedent exists as to its liability, which has not been performed. Travelers contends the payment by the owner-obligee to the principal-general contractor must be made before liability exists against Travelers. But the language of the bond for payment of labor and material on which the plaintiff relies is its right to sue as a claimant. The language on which Travelers relies is as follows: "The Surety shall not be liable under these bonds to the Obligees, or either of them, unless the said Obligees, or either of them shall make payments to the Principal strictly in accordance with the terms of said Contract as to payments, and shall perform all the other obligations to be performed under said Contract at the time and in the manner therein set forth." (R. 357) This language is contained in a rider attached to the bond and refers strictly to liability to the obligees in the bond, and not to a third-party beneficiary, such as the claimant-plaintiff in this matter.

2. Initially Travelers denied the existence of the bond. However, it subsequently admitted it executed the bond. When a pleading is inconsistent, the admission may be used as evidence by the opposing party. *City of Moultrie v. J. S. Schofield's Sons Co.,* 6 Ga. App. 464 (1) (65 SE 315); *Taylor v. Crawford,* 119 Ga. App. 262, 264 (3) (167 SE2d 404).

3. Copies of the bond were apparently not available. Hence, the affidavit of an employee of the defendant Sanford (principal) attached copies stating therein that to his personal knowledge, these copies are identical with the final bonds issued on this project. There is no evidence presented by the defendant to the contrary. The explanation for the admission of the copies is sufficient under Code § 38-212 and Code Ann. § 24-3360; and thus the pleadings have been pierced.

4. Code § 103-202, which provides that a novation in the contract made without consent of the surety discharges the surety, does not here apply where the defendant is a compensated surety. Such compensated sureties are treated as guarantors under Code § 103-101 since there is consideration flowing to the defendant for granting and issuing the bond. The case of *Paulk v. Williams,* 28 Ga. App. 183 (110 SE 632), and *Taylor v. Johnson,* 17 Ga. 521, both involve individual accommodation sureties and not compensating corporate sureties (guarantors) as shown on the bond here. See *Peachtree Roxboro Corp. v. U. S. Cas. Co.,* 101 Ga. App. 340, 345 (114 SE2d 49).

5. While the language used by this court in Division 2 at page 87 at first blush appears to hold the defendant Travelers liable, Travelers was not a party to the appeal, and the language therein as to Travelers is obiter dictum. See *Sasser & Co. v. Griffin,* 133 Ga. App. 83, supra, p. 87.

6. But the defendant Travelers is liable to the claimant even though the language on which the plaintiff relies in *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 87 (2), supra, is obiter dictum. The law of the case has been established that the plaintiff is entitled to and has judgment of $29,749.59 with interest thereon from August 1, 1971, at the rate of 7% per annum from the defendant principal. While Travelers was not a party,

nevertheless, under its contract it is bound to pay the claim which has been reduced to judgment.

7. Code Ann. § 103-210, which provides damages and attorney fees for default by a corporate surety, refers to the payment to the obligee of such penalty and not to a ·claimant. This statute being in derogation of the common law must be strictly construed. Accordingly, the sum of $7,437.47 as damages or penalty was not authorized and is hereby ordered stricken from the judgment. Code Ann. § 6-1610; *Chattahoochee Brick Co. v. Sullivan*, 86 Ga. 50, 51 (8) (12 SE 216); *Central of Ga. R. Co. v. Chicago Portrait Co.*, 122 Ga. 11 (6) (49 SE 727); *Rexford v. Bleckley*, 131 Ga. 678 (5b) (63 SE 337); *Reserve Life Ins. Co. v. Gay*, 214 Ga. 2, 3 (102 SE2d 492).

*Judgment affirmed with direction. Pannell, P. J., and Marshall, J., concur.*

ARGUED MARCH 1, 1976 — DECIDED APRIL 5, 1976 — REHEARINGS DENIED APRIL 15, 1976 — ▮▮▮▮▮▮▮

Smith & Portman, Barnard M. Portman, Ralph R. Lorberbaum, for appellant.

*Stokes & Shapiro, Larry S. McReynolds, Malberry Smith, Jr., Stanley M. Karsman,* for appellee.