54911. BROCK CONSTRUCTION COMPANY, INC. v. HOUSTON GENERAL INSURANCE COMPANY et al. 54912. ABC HEATING & AIR CONDITIONING, INC. v. BROCK CONSTRUCTION COMPANY , INC. et al. 54913. HOUSTON GENERAL INSURANCE COMPANY v. BROCK CONSTRUCTION COMPANY, INC. et al.

SHULMAN, Judge.

The appellant, Brock Construction Co. (Brock), a contractor, brought suit against ABC Heating & Air Conditioning Co., Inc. (ABC), a subcontractor, and Houston General Insurance Co., a compensated surety that executed a payment and performance bond for ABC's full and complete performance, seeking damages resulting from an alleged breach of a subcontract agreement between Brock and ABC. This appeal follows a judgment entered on a jury verdict in favor of Brock and against ABC in the amount of $26,000 and discharging Houston General from all liability. We reverse the judgment.

1. The trial court charged the jury in accordance with Code Ann. §§ 103-103 and 103-203. In two separate enumerations, Brock asserts that the instructions were erroneous because neither section is applicable to compensated sureties engaged in the writing of surety bonds for a profit.

We agree that Title 103 was never intended to apply in its entirety to compensated sureties engaged in the writing of surety bonds for a profit. We do not hold, however, that all the rules of law contained in that Title are inapplicable to such sureties.

A. The present state of the law in Georgia concerning the distinction between compensated and non-compensated sureties is at best somewhat confused. Compare Brunswick Nursing & Convalescent Center, Inc. v. Great American Insurance Co., 308 FSupp. 297, 302 (S. D. Ga. 1970) (Georgia law draws no distinction between compensated and uncompensated sureties; where a creditor breaches "any obligation arising under the original contract" there is a total discharge) with The Winston Corp. v. Continental Cas. Co., 508 F2d 1298 (3)

(6th Cir. 1975) (Georgia law is unsettled and there is no controlling decision by the Georgia Supreme Court; federal court determination that if a Georgia state court were to consider the issue it would hold that only uncompensated sureties were intended to benefit from rule of stricti juris, that compensated sureties were to be treated as guarantors; that a compensated surety is not discharged by a change in the contract that does not increase the risk it has assumed).

B. In *Travelers Indem. Co. v. Sasser & Co.,* 138 Ga. App. 361 (4) (226 SE2d 121), this court held that Code § 103-202, which provides that any novation in the surety contract made without the surety's consent works a discharge, "does not . . . apply where the defendant is a compensated surety . . . [because] [s]uch compensated sureties are treated as guarantors under Code § 103-101..."

The import of *Sasser* is clear; compensated corporate sureties engaged in writing surety bonds for a profit are not such sureties within the meaning of Title 103 so as to generally enjoy the protection afforded by all of its sections. Unfortunately *Sasser* did not address cases which were apparently in disagreement. See *Little Rock Furniture Co. v. Jones & Co.,* 13 Ga. App. 502 (79 SE 375) (Guarantor, apparently a compensated corporation, discharged because of facts which amounted to novation); *Fairmont Creamery Co. v. Collier,* 21 Ga. App. 87 (2) (94 SE 56) (apparently applying 103-202 to compensated surety).

As a result of *Sasser's* failure to overrule contrary authority, some later decisions do not reflect the distinction between compensated sureties and uncompensated accommodation sureties announced in that decision. See, e.g., *Gilbert v. Cobb Exchange Bank,* 140 Ga. App. 514 (231 SE2d 508) (in obiter dictum Code § 103-202 stated to apply to contract of guaranty; discharge because of prejudicial material change). However, *Sasser* is the law of this state. We know of no decisions subsequent to *Sasser* which apply Code Ann. § 103-202 to compensated sureties or which hold that such compensated sureties are to generally enjoy all the benefits afforded by Title 103.

2. "[T]he Georgia legislature intended the sweeping provisions protecting sureties to apply only to uncompensated sureties." Winston Corp. v. Continental

Cas. Co., supra, p. 1303. See *Jones v. Whitehead,* 4 Ga. 397, 401 (surety contracts referred to as "gratuitous obligations" at 401; intent of legislature in enacting surety laws was "for the relief of this favorite class [i.e., those who gratuitously agree to answer for another's wrongful failure to meet obligations]. . ." at 402). In conformity with that intent, we hold that a compensated surety may not generally claim the statutory protection afforded by Title 103.

3. Having held that Title 103 Code sections per se do not apply in the case of a compensated surety, we must decide whether a compensated surety is governed by the rules of law contained in Code Ann. § 103-103 and Code Ann. § 103-203.

A. The trial court interpreted the rule of law embodied by Code Ann. § 103-103 to be an absolute rule of strict construction of the surety contract in favor of the surety and charged the jury accordingly. Although there is authority to support application of the stricti juris rule where the surety is compensated (see *Palmes v. Southern Mechanical Co.,* 117 Ga. App. 672 (161 SE2d 413), *Mayor &c. of Savannah v. Glens Falls Ins. Co.,* 104 Ga. App. 879 (123 SE2d 293)), counsel has cited no cases wherein our Supreme Court has held the rule of stricti juris (as embodied in Code § 103-103) applies to compensated sureties. But see *Waldon v. Maryland Cas. Co.,* 155 Ga. 76 (116 SE 828) (court refused to demand strict compliance with provision in compensated surety's contract requiring service of process by specified date).

In the case at bar we are confronted with an irreconcilable situation. The law at present is that a "compensated surety is not a favorite of the law." *Peachtree Roxboro Corp. v. U. S. Cas. Co.,* 101 Ga. App. 340, 346 (114 SE2d 49). The trial court impliedly held such sureties were favorites by instructing the jury that "a contract of suretyship . . . [is] strictly construed in favor of the surety . . ."

The trend in other jurisdictions is clear. "[T]he courts very generally recognize that the rule of strictissimi juris which prevails with respect to the construction of an uncompensated surety's contract, and under which all doubts and technicalities will be resolved in his favor, has

no application in the case of surety companies or compensated sureties. The contract of a surety company, acting for compensation, and of any other surety for hire, is construed most strongly against the surety and in favor of the indemnity which the obligee has reasonable grounds to expect." 74 AmJur2d, 168, 169, Suretyship, § 256; 72 CJS 583, Principal & Surety, § 102; see 127 ALR 10, 62.

We hold, therefore, in conformity with prior Georgia decisions and in accordance with the general trend that the above statement is the law of this state. The rule of law expressed in § 103-103 stating that the entire surety contract is one of strict law does not apply to compensated sureties. We must overrule *Little Rock Furniture Co. v. Jones & Co.,* supra; *Palmes v. Southern Mechanical Co.,* supra; *Mayor &c. of Savannah v. Glens Falls Ins. Co.,* supra, and any other decisions of this court insofar as they may be construed to hold otherwise. These cases correctly state the law insofar as they hold that "where the contract has plainly but one meaning . . . the liability of the [compensated] surety or company cannot be extended by implication or construction beyond the terms of the contract." 72 CJS 583, supra. See *W. T. Rawleigh Co. v. Overstreet,* 71 Ga. App. 873 (4) (32 SE2d 574). The trial court's charge interpreting Code Ann. § 103-103 to be an absolute rule of strict construction in favor of the compensated surety was harmful error and requires reversal.

B. Appellant's contention that the rule of law contained in Code Ann. § 103-203 is not applicable to compensated sureties is not the law of this state. Our rule is in accord with the view that "a compensated surety is discharged only if the change is material and causes some injury, loss, or prejudice to it. See Montpelier v. National Surety Co., 97 Vt. 111, 122A, 484, 33 ALR 489 (1923), School District v. Massachusetts Bonding & Ins. Co., 92 Kan. 53, 142 P. 1077 (1914), Bross v. McNicholas, 66 Or. 42 144 P. 782 (1913), Annot., 127 ALR 10, 62-63 (1940), Annot. 12 ALR 382 (1921), Note, 33 Tulane L. Rev. 717 (1959)." Winston Corp. v. Continental Cas. Co., supra, p. 1302. *Evans v. American Nat. Bank &c. Co.,* 116 Ga. App. 468 (157 SE2d 816); see also *Peachtree Roxboro Corp. v. U. S.*

*Cas. Co.,* supra. The charge containing that principle of law, therefore, was not error.

4. Appellant's argument that a material alteration to a surety contract effects a pro tanto reduction of the amounts payable to the extent of injury and not a total discharge of the surety must await another day for decision. The alleged error is not contained in the enumerations of error and was not properly raised at trial. Accordingly, nothing is presented for consideration. *Reese v. State,* 139 Ga. App. 630 (229 SE2d 111); *Harper v. Ga. S. & F. R. Co.,* 140 Ga. App. 802 (7) (232 SE2d 118).

5. Upon return of the jury verdict in favor of defendant and third-party plaintiff Houston General, the trial court entered a judgment dismissing third-party defendants from the third-party complaint. Houston General filed a cross appeal for the purpose of preserving any and all rights against the third-party defendants who allegedly executed a written agreement to indemnify Houston General. As we are reversing the judgment, the judgment in favor of the third-party defendants must also be reversed.

6. Appellee ABC challenges the determination of the trial court that venue would properly lie in the Superior Court of Clayton County. The contract between ABC and Brock was entered into in Clayton County. At the time the contract was made and at the time suit was filed, March 12, 1975, ABC maintained a corporate office in Clayton County. Suit was properly perfected by service in Fulton County on January 30, 1976, when ABC had no offices in Clayton County.

"[O]nce service is perfected upon a defendant it will relate back to the original date of the filing which will be considered the date of the commencement of the lawsuit. Therefore, venue will be determined as of the date of filing as long as service is subsequently perfected upon a defendant within a reasonable time period." *Franek v. Ray,* 239 Ga. 282, 285 (236 SE2d 629).

Here, the trial court by its denial of appellant's motion to dismiss determined that appellee ". . . used due diligence and served the appellant within a reasonable period of time so as to preserve the . . . suit." *Franek v. Ray,* supra, p. 286. We cannot say as a matter of law that the

trial court abused its discretion in so holding.

*Judgment reversed in 54911 and 54913. Judgment affirmed in 54912. Bell, C. J., Deen, P. J., Quillian, P. J., Webb, McMurray, Smith, Banke and Birdsong, JJ., concur.*

ARGUED NOVEMBER 9, 1977 — DECIDED JANUARY 31, 1978 — REHEARING DENIED FEBRUARY 20, 1978 —

*Smith, Currie & Hancock, Kent P. Smith, Rodney C. Jones, Gambrell, Russell, Killorin & Forbes, Edward W. Killorin, David M. Brown, David H. Flint,* for Brock Construction Co., Inc. et al.

*Gambrell, Russell, Killorin & Forbes, Edward W. Killorin, David M. Brown, Schreeder, Wheeler & Flint, David H. Flint,* for Houston General Ins. Co. et al.

*David H. Flint,* for ABC Heating & Air Conditioning, Inc.