77568. SOUTHERN PATRICIAN ASSOCIATES v.
INTERNATIONAL FIDELITY INSURANCE COMPANY.
(381 SE2d 98)

POPE, Judge.

Appellant Southern Patrician Associates (Southern) argues that the trial court erred in granting appellee International Fidelity Insurance Company's (IFIC) motion to stay arbitration.

Southern was the owner of a construction project to renovate Roswell Mall. Southern engaged C. M. Systems, Inc. (C. M.) to act as the general contractor on the project. In turn, C. M. subcontracted

with Construction Concepts d/b/a R & M Mechanical, Inc. (R & M). The contract between Southern and C. M. required C. M. to obtain a surety bond for its performance. The subcontract between C. M. and R & M also required that R & M get a surety bond for its performance. Appellee IFIC supplied this surety bond.

Before completing work under the general contract, C. M. went into bankruptcy. C. M.'s surety company undertook C. M.'s rights and obligations under the contract and assigned all such rights to Southern. In time, Southern terminated R & M for non-performance and looked to IFIC to ensure the completion of the work under the terms of its surety bond with R & M. When IFIC failed to respond, Southern completed the work itself. Southern then filed an arbitration action against IFIC. Southern claims the right to arbitration arises from C. M.'s contract which provides for arbitration of all disputes arising from the "contract document." The subcontract between C. M. and R & M incorporated the arbitration provision. The surety bond between IFIC and R & M incorporated the entire subcontract by reference and named C. M. as the obligee.

IFIC argues that it is not obligated to arbitrate on two grounds. First, the right-of-action clause in the surety bond states that no right of action accrues on the bond except for the use of the obligee or "the heirs, executors, administrators or successors of the [o]bligee." Because earlier in the bond the parties had bound "themselves, their heirs, executors, administrators, successors and assigns, . . . ." IFIC argues that the term "successors" as used in the right-of-action clause cannot include the term "assigns." IFIC also argues that it cannot be forced into arbitration because there is no written arbitration agreement between it and Southern, and that the arbitration clause refers only to "contract documents," not to a surety bond. *Held*:

We affirm. The surety contract at issue is but one page. In such a short document, we find it highly unlikely that the drafter would include the phrase "successors and assigns" in the general obligation clause by which IFIC and R & M bind themselves, and then use the term "successors" alone in the right-of-action clause and mean the same thing. We do not agree with Southern that the term "successors" is to the term "assigns" as fruit is to apples.

"[The term 'successor'] means, ordinarily in the case of a corporation, another corporation which by a process of amalgamation, consolidation, or duly authorized legal succession has become invested with the rights and has assumed the burdens of the first corporation." *Hanna v. Florence Iron Co.*, 118 NE 629, 631-632 (N. Y. 1918).[1] "[A]

---

[1] In *Hanna*, the court distinguished "successors" and "assigns" to hold that in a contract to sell to the buyer, "its successors and assigns" the seller is not required to deliver on the credit of the assigns.

legal assignment is a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, chattel, or other thing." (Punctuation and citation omitted.) *Hunter-Wilson Distilling Co. v. Foust Distilling Co.*, 84 FSupp. 996, 1000 (M.D. Pa. 1949). Clearly, the words "successors" and "assigns" have different meanings.

We find that the surety contract is unambiguous. Therefore, the liability of the surety cannot be extended by implication or interpretation. *Houston Gen. Ins. Co. v. Brock Constr. Co.*, 241 Ga. 460 (2) (246 SE2d 316) (1978).

The decision of the trial court to stay arbitration was correct. The surety contract specifically excludes Southern, as assignee of the obligee, from a right of action on the contract.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 16, 1989 —
REHEARING DENIED MARCH 29, 1989 — ▮

*Smith, Gambrell & Russell, Peggy J. Mevs, Leland A. Cook,* for appellant.

*Hansell & Post, R. Dal Burton, David M. Monde,* for appellee.