## SMITH *vs.* BROOKS.

1. Where a contract containing a promise to pay both cotton as rent and money for provisions advanced by the landlord, was transferred by the following indorsement on its back: "For value received, I hereby transfer, assign and indorse the within lien and mortgage to R. P. Brooks, with full power to enforce the same" the landlord became an indorser for value; and in a suit against him by the transferee, the contract was admissible without first showing the insolvency of the tenant.

2. Such an indorser did not occupy the position of a surety, but of an indorser for value; and therefore a plea to the effect that about two weeks before the debt became due the indorser notified the holder to make the money, the tenant then having cotton subject therefor, which he afterwards disposed of, that the holder failed to do so, and the debt was thereby lost, was demurrable. Especially so, as the county of the principal was not stated.

3. A plea which alleged that the contract and intention of the parties was not to render the landlord liable as an indorser, but simply to transfer the rent contract, and which prayed for a reformation accordingly, was demurrable, there being no specific allegation of fraud, accident or mistake in the use of the term "indorse."

Indorsement. Contracts. Principal and surety. Before Judge SIMMONS. Monroe Superior Court. February Term, 1880.

Reported in the decision.

W. D. STONE, for plaintiff in error.

BERNER & TURNER, by H. C. PEEPLES, for defendant.

JACKSON, Chief Justice.

This suit was brought on the following indorsement:

"For value received, I hereby transfer, assign and indorse the within lien and mortgage to R. P. Brooks, with full power to enforce the same. Witness my hand and seal this twentieth day of February, 1878.                                H. N. SMITH, Landlord.

"In presence of W. H. Head, N. P."

The above indorsement was on the back of the following paper:

"$——                    "FORSYTH, GA., February ——, 1878.

"On or before the first day of October next I promise to pay H. N. Smith, landlord, or order, one thousand pounds of lint cotton, said cotton to class middling, for rent of the premises occupied by me as the tenant of H. N. Smith, landlord, in Monroe county, Georgia; said cotton to be baled and delivered in good merchantable order to said H. N. Smith, landlord, or his assigns, at either warehouse in Forsyth, Georgia. Also seventy-five dollars for provisions furnished me by the said H. N. Smith, landlord, to enable me to make my crops for the year 1879 on the premises occupied by me as the tenant of H. N. Smith, landlord, in Monroe county, Georgia. In consideration of the advances made to me for which this obligation is given, I hereby give the said H. N. Smith, landlord, a lien as provided for by the 'act of the general assembly of Georgia, approved February 25th, 1875,' and the laws of which said act is amendatory, on 'my entire crops raised and grown the present year, and on my entire stock, and I hereby create in favor of said H. N. Smith a mortgage on following stock, to-wit:  —— I further covenant that no liens of any description exist on my said crops or stock except—— I hereby waive all rights of homestead and personalty, and of either as against this obligation for myself and all who claim under or through me. In the event the sum called for in this obligation is collected through an attorney or by law, I agree and contract that ten per cent. on principal and interest may be recovered against me as reasonable attorneys' fees, with and in the same manner that said principal and interest are recovered; and I further agree to pay interest at the rate of twelve per cent. per annum until paid, if this obligation is not paid at maturity. Witness my hand and seal this the —— day of February, 1878.                his

                                    "I. M. ⋈ DURHAM.  [Seal.]
                                          mark
    "Signed, sealed and delivered in the presence of
        "W. H. HEAD, N. P. and ex-off. J. P."

To this suit on the indorsement before written the defendant filed and here insists upon the following two pleas:

1st. Defendant says plaintiff should not maintain his said suit, and that he is not liable on said lien or draft, for the reason that he says thirteen days or two weeks before said paper fell due (said plaintiff having possession of said

lien and also defendant's lien for his rent) he gave said plaintiff notice as soon as the lien fell due to enforce the collection of the same; that 'said Durham had the cotton subject to the same sufficient to pay the same; and also gave plaintiff notice to collect his rent at the same time, which plaintiff assured defendant he would do; defendant says that he supposed said plaintiff had collected both the amount due him on said lien as also defendant's rent, and did not learn to the contrary until some thirty days after said paper fell due, at which time said Durham had disposed of all his cotton and crops produced that year on said land so rented as aforesaid, and which was subject to said lien. Defendant says but for the assurance of plaintiff that he would enforce the collection of said lien, he would have taken legal steps to have collected the said plaintiff's debt and his rent. Defendant says, therefore, he will be damaged the full amount of plaintiff's debt, if he has the same to pay, besides the loss of his rent, on account of the failure of plaintiff to carry out his promise, especially as said Durham had sufficient cotton on hand, when said lien fell due, to have paid both claims, but squandered the same. Defendant says that said Durham was insolvent when said lien fell due, which fact was known to said plaintiff, and that his said cotton was specially subject to said lien—all of which he is willing and ready to verify and prove.

2nd. Defendant says that plaintiff ought not to be allowed to recover in said suit, because he says that the written transfer upon the draft sued upon, and upon which it is sought to make this defendant liable as indorser, if so signed as an indorsement, that such indorsement was a mistake, and its legal effect misunderstood, and it was never intended to be an indorsement of said draft or lien so as to render this defendant liable, but that it was intended and so understood that he simply transferred said draft or lien to the plaintiff, and if such transfer amounts to an indorsement to the extent of rendering this de-

fendant liable on said paper, defendant asks the court that said written transfer may be reformed and made to speak the contract and intention of the parties, which was that such writing on the back of said paper and signed by defendant, should be a simple transfer, and not an indorsement or any liability on the part of this defendant on said paper; and of this defendant puts himself on the country.

The errors assigned are the striking these two pleas, and after striking them, the admitting in evidence, under the general issue. the said paper with the indorsement thereon without requiring preliminary proof. of the insolvency of the maker.

1. The last will be disposed of first. We see nothing in the indorsement to limit the indorser's liability. The instrument and indorsement show that he not only transferred and assigned, but indorsed for value, the lien or mortgage to secure a certain debt in cotton, but seventy-five dollars in money which was promised by the maker to be paid, and which was not paid by the maker. It is not a blank indorsement to be filled, but it is an indorsement for value received. The indorser is not even an accommodation indorser, but for value.

2. Were the pleas properly stricken? It seems so to us. The defendant was not an accommodation indorser, and therefore not a surety. Therefore the first plea is defective. The first is that two weeks before the lien fell due he gave notice to plaintiff to collect the note or obligation therein from the tenant, as well as his rent. Perhaps had he been an accommodation indorser, and therefore a surety, this notice, with the failure of the creditor to sue, and the loss of the debt from the principal, with the other allegations in the plea, would have made it good—Code, §2151; but as he was an indorser for value, the notice he could give so as to discharge him must be given *after* the note fell due. Code, §2156. This notice was given *before* it fell due some two weeks, and plaintiff had not the three

months within which to sue.    Nor was the county of the principal named in the notice as is required by the act of 1866.

3. The other is defective in that it does not set out that the parties, one or both, intended to leave out the word "indorse;" that this word was inserted by fraud, accident or mistake.    This court has frequently ruled that to reform an instrument such allegation must be made; that the fraud, accident or mistake to authorize its reformation must be that the scrivener put in something or left out something which it was intended should be left out or inserted, and that it must appear in the allegation how and in what way the accident or mistake or fraud occurred. I struggled against the strictness of this view of the law; but the current swept over me, and it is well settled by this court.    And since all parties are now allowed to swear in their own cases, the sanctity of written assurances would not amount to much where one or the other or both parties were bad men; and it is well that the rule is held stricter of late years than formerly on this account. In this view I am disposed to yield my hesitation about it, and give my assent to it.    59 *Ga.*, 851, and cases cited.

Judgment affirmed.