*Hines & Jordan,* for plaintiff in error.

*W. T. Moyers,* contra.

## 7370. JORDAN v. FIRST NATIONAL BANK OF ROME et al.

1. A promissory note payable to the order of the maker and properly indorsed by him is a negotiable instrument.

2. Where one signs as maker a note payable to himself, and another signs it as surety only, the maker's indorsement converts it into a negotiable instrument, and his transfer of the note binds the surety, notwithstanding the absence of an indorsement by the surety.

(a) The benefit given to or obtained by the maker or principal on his transfer of the note with his indorsement supplies a consideration sufficient to bind the surety.

3. The default judgment rendered in this case should have been against one of the signers of the note as principal, and against the other as surety; and the judgment of the trial court is therefore affirmed with direction that the judgment be reformed accordingly.

DECIDED JANUARY 23, 1917.

Complaint; from city court of Floyd county—Judge Nunnally. February 14, 1916.

*Nathan Harris,* for plaintiff in error. *Maddox & Doyal,* contra.

WADE, C. J. 1. "A note payable to the order of the maker is negotiable." 3 R. C. L. 877, 878, § 62. Bills or notes payable to the drawer or maker himself are valid negotiable instruments when indorsed by the maker or drawer. Id. 880, § 65, and cases there cited. "A promissory note payable to the order of the maker thereof and properly indorsed by him is a negotiable instrument." *Pryor* v. *American Trust & Banking Co.,* 15 *Ga. App.* 822 (84 S. E. 312). Such an instrument, after indorsement by the maker, "becomes a valid promissory note of which the indorsee is the payee." 4 Am. & Eng. Enc. of Law (2d ed.), 120.

2. This suit was based on a promissory note payable to "myself or order," signed: "John R. Jones," and "L. C. Jordan, security." This instrument, according to the recitals in the plaintiff's petition, and as appears from the alleged copy of the note attached to the petition, was indorsed by the maker, John R. Jones, and, before maturity, was duly transferred to the holder, who instituted the suit. There was no appearance by either the maker or the security, and a default judgment was rendered against both as makers, over oral objection by the security, though it does not appear that the maker or the security at any time offered to file a plea. The note sued upon itself indicates that Jordan was security only; and he states in his bill of exceptions, and also contends in his brief, that he was security only, and that therefore no judgment could be rendered against him, since it was not made to appear that he likewise indorsed the note and thus gave it currency as against himself. The Civil Code, § 3538, declares that "The contract of suretyship is that whereby one obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor." It is therefore clear that under the provisions of the statute law of this State, no consideration moving the security, other than the credit extended to his principal, is necessary to support an obligation of suretyship. When, therefore, the maker of the note, which was payable to his own order and which was signed by another as security, converted it into a negotiable instrument, or gave it currency, by indorsing his own name thereon and transferring it for value, the note became a good and valid negotiable instrument, notwithstanding the security failed to indorse it; and it was not without consideration as to him, since the benefit re-

ceived by his principal, in return for the transfer of the instrument, furnished a sufficient legal consideration. It was not necessary that any personal benefit should flow to the surety, or that any other consideration should exist to support his obligation to pay the note.

3. It being alleged in the petition that the maker of the note indorsed it, and a negotiable undertaking being thereby created on his part, to pay the amount stipulated in the instrument, and the note itself indicating that the other party signed it as security, judgment should have been rendered against Jones as principal and Jordan as security; and we therefore affirm the judgment of the trial court, with direction that the judgment be reformed to that extent.

4. The case was in default; and hence there was no plea setting up the fact (if it be a fact) that the original maker had been adjudicated a bankrupt. Therefore we can not consider any question involving the bankruptcy of the maker. Other points suggested by the brief of counsel for the plaintiff in error, or which he seeks to raise in the bill of exceptions, are without merit, and are in effect controlled by the foregoing rulings.

*Judgment affirmed, with direction. George and Luke, JJ., concur.*