No. 3589

**Second Circuit**

## EXCHANGE NATL. BANK v. HOWARD-KENYON DREDGING CO.

(November 7, 1930. Opinion and Decree.)
(December 23, 1930. Rehearing Refused.)
(February 2, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Lyons & Prentiss, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Plaintiff, The Exchange National Bank, instituted this action against the Howard-Kenyon Dredging Company, a corporation, to recover judgment for $1100, with interest and attorney's fees, represented by a promissory note which plaintiff alleged it had acquired for a valuable consideration before maturity and in due course; and defendant appeals from a judgment in plaintiff's favor as demanded.

The note, which was annexed to and made a part of the petition, was drawn by H. Deville and defendant, payable on demand to the order of H. Deville, one of the drawers, who endorsed it in blank and transferred it to the plaintiff, which surrendered to H. Deville a note held by plaintiff for a like amount against Deville.

On the face of the note, at the lower left-hand side, there appeared a notation which reads:

"Order on Howard-Kenyon Dredging. Co. attached." And defendant prayed for oyer of the order, which was produced, which reads as follows:

"Shreveport, La., June 1926,
"Howard Kenyon Dredging Company,
"Houston, Texas.
"For value received, pay to the Exchange National Bank, of Shreveport, La. the sum of eleven hundred dollars with 8% interest from date until paid out of any money due me under my contract with you for clearing right-of-way on the Bossier Parish Job when you receive your money from the District on final settlement and charge the full amount to my account."
(Signed) "H. Deville"

After the production of the order, defendant answered denying that the note was negotiable and that plaintiff acquired it in due course, alleging that defendant's obligation was conditional and dependent upon whether defendant should be due Deville the amount of the note on completion of a contract between Deville and defendant; that plaintiff had acquired the note with knowledge of and subject to the condition stated; and that Deville had not completed the contract and that no funds were available for payment of the note. Defendant also filed a supplemental answer, in which it was alleged that defendant was an accommodation drawer and that the officer of defendant who drew the note was without authority to bind defendant on accommodation paper, all to the knowledge of plaintiff, and that defendant was not bound.

On trial evidence was introduced which established that plaintiff had demanded payment of a note held by it against Deville (referred to above as having been surrendered on the note sued on being delivered to plaintiff); that Deville informed plaintiff he had a contract with defendant to do certain work, which had been partially performed, under which defendant had retained a percentage of the payments, amounting to approximately $6000, and that defendant would sign a note with Deville. And evidence was also introduced showing that Deville called the construction superintendent of defendant to confirm his statement, who said that the percentage of the payments retained by defendant would not be available to Deville unless and until Deville completed his contract, and that the question of whether or not defendant would sign a note with Deville was for the executive officers of defendant to decide. While the evidence does not show that any further negotia-

tions were had, a short time after the negotiations stated, Deville delivered to plaintiff the note sued upon, and the order referred to above.

Appellant states in the brief that plaintiff was a party to the transaction from the inception of the negotiations; but we infer from the fact that the defenses set up in the answers are presented here on the theory that plaintiff was the transferee or indorsee of Deville and that its rights should be determined from that point of view, and that appellant does not contend that the instrument did not create or evidence any right which could not be transferred, and we consider the defenses from the point of view that plaintiff was the transferee or indorsee of Deville.

In presenting the defenses that the note was not negotiable and that plaintiff acquired it with knowledge of and subject to equities existing between Deville and defendant, appellant bases its defenses solely on the contention that its obligation was conditional, urging that the note, notation and order should be read together or as a whole, and considered with relation to the contractual relationship between Deville and defendant.

We assume it is conceded that, in determining whether or not the obligation of defendant is conditional or unconditional, or other matters relating to the negotiability of the obligation, the instrument alone must be considered, without regard to extraneous facts; and the note showing on its face that the obligation of defendant was unconditional, it must be so held, unless the notation and order should be considered as a part of the note, and, if read with the note, would show that the obligation of defendant was modified or made conditional.

In discussing the question relative to

whether or not the notation and order were a part of the note, counsel for appellant state that the notation was made. on, and the order attached to the note at the time it was drawn, while counsel for appellee state that the notation was not made, or the order attached to the note either at the time it was drawn or when it was delivered to plaintiff. There is evidence in the record which furnishes some basis for both statements. However, as previously stated, the note was annexed to and made a part of the petition and at that time the notation was on the note, and in the absence of any allegation to the contrary the presumption is that the notation was made at the time the note was drawn (Morris v. Executors of Cain, 39 La. Ann. 717, 1 So. 797, 2 So. 418), and the evidence referred to does not overcome the presumption; but the order was not annexed to or made a part of the petition, and the mere fact that it was filed in answer to the prayer for oyer did not make it a part of the petition and was not an admission that it had been attached to the note; and the evidence offered without objection shows that the order was not attached to the note.

The notation, as stated, was separate and distinct from the rest of the note, and did not modify the unconditional promise to pay as shown in the body of the note and render the note non-negotiable (Tyler v. Whitney-Central Trust & Savings Bank, 157 La. 249, 102 So. 325; First State Bank & Trust Co. v. Crain, 157 La. 427, 102 So. 513, 38 A. L. R. 347; Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121); and while the evidence shows the order was not attached to the note, it was shown, as stated, that at the same time the note was delivered by Deville to plaintiff the order was also delivered, and the question presented is whether or not, under such facts, the order should be considered as incorporated in or as a part of the note.

Had there been an agreement between Deville and defendant that Deville would attach such an order to the note as that delivered to plaintiff before he negotiated the note, and had Deville informed plaintiff of such an agreement at the time the note and order were delivered, it may be that the order should be considered as a part of the note; but there was not any proof of such an agreement, and the evidence shows that defendant had not previously seen or heard of the order.

We are therefore of the opinion that, the evidence showing that the order was not attached to the note, the fact that the order was delivered by Deville to plaintiff at the same time the note was delivered is not sufficient to warrant the order being considered as a part of the note, and considering the note alone or with the notation, the obligation of defendant was unconditional and the note negotiable.

As stated, the basis of defendant's contention that plaintiff had knowledge of and took the note subject to equities existing between Deville and defendant, is that the obligation of defendant was conditional, and in presenting the defense here defendant refers to the note, notation and order, and to the evidence previously stated, relative to the contractual relations existing between defendant and Deville when the latter informed plaintiff that defendant would sign a note with him, and appellant urges that considering the note, notation and order together with the evidence referred to, the obligation of defendant was conditional to the knowledge of plaintiff.

The defense that the holder of commercial paper acquired the paper with knowl-

edge of and subject to equities existing between the parties, usually related to the consideration; but in discussing the present defense appellant does not question the consideration (presumably reserving that matter for consideration under the defense that defendant was an accommodation drawer and that the officer of defendant who drew the note was without authority to bind defendant on such paper to the knowledge of plaintiff) and although, as stated, appellant refers to the note, notation and order, we gather that appellant does not, in the present defense, contend that the order was a part of the note, but that the order should be considered as other extraneous evidence together with the evidence which established the contractual relationship between Deville and defendant, and that thus considered it shows that plaintiff had knowledge that defendant was not to pay the note unless it should owe Deville the amount of the note on the completion by him of his contract.

The evidence shows that the order had not been seen by defendant, much less accepted; and it being shown that the order was given by Deville to plaintiff, it should be considered as a separate and distinct transaction between the parties, Deville and plaintiff; and we do not think the delivery of the order by Deville should be held to have modified his obligation under the note, much less the· obligation of defendant; and the same would be true even if the order had been accepted by defendant and could have been enforced.

We are therefore of the opinion that the evidence does not establish that the obligation of defendant under the note was modified by the order.

In support of the defense that defendant was an accommodation drawer, and that the officer who drew the note for defendant was without authority to bind defendant on such paper, to the knowledge of plaintiff, evidence was introduced showing that defendant had not received any of the proceeds of the note sued on, and the officers of defendant company stated that there was not any resolution of its stockholders or board of directors authorizing· its officers to obligate defendant where it did not receive any benefit from the obligation.

The note does not state the cause or consideration of the obligation of defendant, but the evidence shows that the motive and purpose of Deville and defendant in drawing the note was to obtain the surrender of a note held by plaintiff against Deville, which purpose was, as stated, obtained; and the evidence of the officers of the defendant company (among whom the officer who drew the note was included) being that they were not authorized to obligate defendant except where defendant received some benefit from the obligation, the mere proof that defendant did not receive any proceeds from the transaction, where the evidence shows none was expected, is not sufficient to warrant its being held that defendant did not receive any benefit from the transaction, under which plaintiff surrendered to Deville, a subcontractor under defendant, a note held by plaintiff on which Deville was being pressed for payment.

Aside from the failure of the evidence to show want of consideration, the note being regular on its face and the evidence showing that plaintiff acquired it for a valuable consideration simultaneously with its being completed by the indorsement of Deville, even though defendant was an accommodation drawer, to the knowledge of plaintiff, defendant's obligation could be

enforced (Negotiable Instrument Law, Act No. 64 of 1904, sec. 184; Jordan v. Bank, 19 Ga. App. 118, 91 S. E. 287), in the absence of proof that plaintiff knew that the officer of defendant who drew the note was without authority to bind the defendant on such paper; and there is not any such proof in the record.

We find that the evidence established that the note was negotiable, and that defendant failed to establish either of the defenses set up, and the judgment appealed from is therefore affirmed at appellant's cost.

DREW, J., recused.