## 37007. BALBOA INSURANCE COMPANY v. A. J. KELLOS CONSTRUCTION COMPANY.

HILL, Presiding Justice.

Pursuant to Code Ann. § 24-3902 and Rule 36, Rules of the Supreme Court (Code Ann. § 24-4536), the United States Court of

Appeals for the Fifth Circuit certified the following question to this court: "In light of *Houston General Insurance Company v. Brock Construction Company,* 241 Ga. 460, 246 SE2d 316 (1978), does the rule contained in Georgia Code § 103-205, (Harrison, 1978) apply to compensated sureties?" We answer in the affirmative.

In *Houston General Ins. Co.,* supra, 241 Ga. 460, we had before us the issue of whether Code Ann. §§ 103-103, 103-203, apply to compensated sureties.[1] We held that they do not.[2] We also said that Title 103, with the exception of Code Ann. § 103-210 (enacted in 1973), "was not intended to govern compensated sureties." (241 Ga. at 463). Undoubtedly that statement prompted this certified question.

In this case, however, we have before us the issue of whether Code Ann. § 103-205 applies to compensated sureties. Code Ann. § 103-205 provides in pertinent part: "Any surety, guarantor, or indorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, his agent, or any person having possession or control of the obligation, to proceed to collect the same from the principal, or any one of the several principals liable therefor; and if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this State), the indorser, guarantor, or surety giving the notice, as well as all subsequent indorsers and all cosureties, shall be discharged." In all of Title 103, only sections 101 and 205 expressly refer to guarantors as well as sureties. Code Ann. § 103-101 distinguishes suretyship and guaranty, providing that a contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence or other benefit flowing to the principal, while a contract of guaranty is one whereby a person obligates himself to pay the debt of another in consideration of benefit flowing to the guarantor.[3] Thus a surety acts

---

[1] Code Ann. § 103-103 provides: "The contract of suretyship is one of strict law, and the surety's liability will not be extended by implication or interpretation." Code Ann. § 103-203 provides: "Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, shall discharge him; a mere failure by the creditor to sue as soon as the law allows, or neglect to prosecute with vigor his legal remedies, unless for a consideration, shall not release the surety."

[2] However, we held that the rule stated in Code Ann. § 103-203 is a correct statement of the common law which is applicable to compensated sureties (241 Ga. at 464).

[3] Senate Bill 42 enacted by the 1981 General Assembly, but not yet signed by the Governor, amends Code Ann. § 103-101 so as to abolish the distinction between sureties and guarantors.

gratuitously in that the surety receives no direct personal benefit, whereas a guarantor receives compensation or other consideration.[4] Both Code Ann. § 103-101 and Code Ann. § 103-205 appear in Part 2, Title III, Chapter IV of Georgia's first official Code, the Code of 1863, as § 2125 and § 2133, respectively. Thus it is clear that the legislature intended to include both sureties (uncompensated) and guarantors (compensated) within the purview of Code Ann. § 103-205. See *Noland Co. v. Commercial Ins. Co.*, 141 Ga. App. 285 (233 SE2d 259) (1977).

*The certified question is answered in the affirmative. All the Justices concur.*

DECIDED APRIL 8, 1981.

*Dewitte Thompson, James T. Wilson, Jr.*, for appellant.
*Jay M. Sawilowsky, Jeffrey L. Sakas, Michael A. Kessler*, for appellee.

---

[4] Under existing law, a surety company which issues a bond for consideration running to the surety company is not a surety under Code Title 103, but it is a guarantor. See, e.g., Code Ann. § 56-409.