### 37030. WALKER v. WALKER.

SMITH, Justice.

Appellant is appellee's former wife. They were divorced in 1976. In accordance with a jury verdict, the divorce decree required appellee to establish a trust fund to provide for the college education of his two minor children. The trust was to be established during the children's minority. Appellee did not appeal the divorce decree. The trust fund apparently has not been properly established, and, in 1980, appellee ceased paying for his younger son's college education. Appellant brought this contempt action to enforce the provisions of the trust decree. Appellee answered, asserting that the trust provisions of the decree are void and unenforceable since the contemplated uses of the trust extend beyond minority. See *Coleman v. Coleman,* 240 Ga. 417, 423 (240 SE2d 870) (1977). The trial court agreed and dismissed the contempt action. We reverse.

The trust provisions of the divorce decree are virtually identical to those approved by this court in *Fitts v. Fitts,* 231 Ga. 528 (202 SE2d 414) (1973). In 1977, a year after the entry of the divorce decree, *Fitts* was overruled insofar as it authorized an educational trust where its contemplated uses "clearly extend beyond the age of 18 . . ." *Coleman,* supra at 423. Such a trust, this court held, "is an attempt to circumvent the statutory limitations on the duty to support and is void and unenforceable." Id. at 423.

Appellee contends that the educational trust provisions of the divorce decree are void and unenforceable on two grounds: 1) that *Jenkins v. Jenkins,* 233 Ga. 902 (214 SE2d 368) (1975), decided one year prior to the entry of the divorce decree, impliedly overruled *Fitts* and 2) that, even assuming *Coleman* is not merely a restatement of the *Jenkins* holding, it applies retroactively. If either contention is correct, appellee argues, the trust provisions of the divorce decree are void and subject to attack under Code Ann. § 110-709.

However, contrary to appellee's assertions, *Jenkins* did not impliedly overrule *Fitts.* In *Jenkins,* the court was concerned with periodic payments for education beyond minority. *Jenkins* did not purport to reach the question of whether the jury may require the establishment of an educational trust *during* minority when the purpose of that trust is to provide for education beyond minority.

While the logic of *Jenkins* was relied upon in *Coleman, Coleman* was clearly an extension of *Jenkins*. At the time of the rendition of the divorce decree, *Fitts* was controlling.

Furthermore, we cannot agree with appellee's contention that *Coleman* should be retroactively applied. In support of his position, appellee cites *Mutual Life Ins. Co. v. Barron,* 70 Ga. App. 454, 463-464 (28 SE2d 334) (1943), which states: "The general rule as to the effect of reversal, or the overruling of earlier decisions, is as follows: 'The overruling of a decision generally is retrospective and makes the law at the time of the overruled decision as it is declared to be in the last decision. The overruled decision as a precedent is thereby destroyed, but it remains the law of the particular case in which it was rendered.' 21 C. J. S. 326, § 194. But there is an exception to the general rule, to wit: 'An overruling decision can not operate retrospectively so as to impair the obligations of contracts entered into, or injuriously affect vested rights acquired in reliance on the overruled decision.' 21 C. J. S. 328, § 194." However, subsequent decisions of this court make it clear that questions of retroactivity cannot be decided simply on the notion of "vested rights." The law "as it was relied upon is '. . . an operative fact and may have consequences which cannot justly be ignored. The past cannot be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, . . . Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature of both the statute and of its previous application, demand examination . . . [A]n all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified.' Chicot County Drainage District v. Baxter State Bank, 308 U. S. 371, 374 (1940) (dealing with the doctrine of res judicata)." *Allan v. Allan,* 236 Ga. 199, 207 (223 SE2d 445) (1976). "However appealing the logic [of *Barron* and its progeny] may have been in the abstract, its abandonment reflected our recognition that statutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct." Lemon v. Kurtzman, 411 U. S. 192, 199 (93 SC 1463, 36 LE2d 151) (1973). We decline to apply *Coleman* retroactively because, in our view, "unjust results would accrue to those who justifiably relied [on prior law]." *Strickland v. Newton County,* 244 Ga. 54 (258 SE2d 132) (1979).

As the trust provisions of the divorce decree are not void, appellee is bound by them.[1]

---

[1] We have decided this case on the basis of appellee's assumption that, if his

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 21, 1981.

*Jack P. Turner, John P. Wilson III,* for appellant.
*Davis, Matthews & Quigley, Baxter L. Davis, David J. Llewellyn,* for appellee.

---

contentions regarding the effect of *Jenkins* and *Fitts* are correct, the trust provisions of the divorce decree are void. Since we have rejected appellee's contentions, we are not faced with the question of whether the asserted defects in the judgment, if found to exist, would render it void or subject to attack at this time.