## A. J. KELLOS CONSTRUCTION COMPANY, Plaintiff-Appellee,

v.

## BALBOA INSURANCE COMPANY, Defendant-Appellant.

No. 79–2504

Summary Calender.

United States Court of Appeals, Fifth Circuit.*

Unit B

Nov. 16, 1981.

DeWitte Thompson, Atlanta, Ga., for defendant-appellant.

Jessee, Ritchie & Duncan, Jeffrey L. Sakas, Michael A. Kessler, Atlanta, Ga., for plaintiff-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The sole issue raised in this appeal is whether notice to sue is timely given pursuant to Ga.Code Ann. § 103–205 [1] when it is given after a principal has been declared in default of its obligations under a construction contract, but before the amount of damages is known. We find that such notice is timely and, for the reasons stated below, reverse the ruling of the District Court.

Appellee, A. J. Kellos Construction Company, entered into a subcontract with Redmon Decorators Inc., on March 10, 1976, whereby Redmon agreed to perform certain construction work on a building project for which Kellos was the general contractor. Redmon obtained from appellant Balboa Insurance Company, a performance bond as required by the subcontract. At the end of April, 1977, Redmon left the project site permanently without completing its work.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

1. Ga.Code Ann. § 103–205 provides:

Any surety, guarantor, or indorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, his agent or any person having possession or control of the obligation, to proceed to collect the same from the principal, or any one of the several principals liable therefor; and if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this State), the endorser, guarantor, or surety giving the notice as well as all subsequent endorsers and all sureties, shall be discharged. No notice shall be considered a compliance with the requirements of this section which does not state the county in which the principal resides. (Act 1826, Cobb, 595. Act 1831, Cobb, 596. Act 1859, Cobb, 54. Act 1866, p.23).

Kellos, the creditor under the bond, notified Balboa, the surety, in May, 1977, that Redmon, the principal, was in default under the terms of the March 10, 1976 agreement. By letter dated September 29, 1977 Balboa demanded that Kellos proceed against Redmon to collect any damages resulting from the alleged default by Redmon. Kellos did not file suit against Redmon within three months after receipt of the demand from Balboa and, in fact, never filed suit against Redmon.

Kellos brought a diversity action against Balboa in which it sought to recover damages for the alleged default of Redmon. Balboa raised several defenses including a defense based upon Georgia Code Ann. § 103–205 that Kellos failed to sue Redmon within three months of notice to sue, such that Balboa was discharged from liability. Kellos countered that the notice given was not timely because it was rendered before the amount of the debt owed by Redmon was known and, thus, before the debt was due. Balboa argued that the debt was due at the time Kellos declared Redmon in default, regardless of whether the amount of damages was then known.

Balboa filed a motion for summary judgment based on the Ga.Code Ann. § 103–205 defense. The District Court denied the motion and the case came on for trial by jury and a verdict was returned in favor of Kellos for $17,500.00. Balboa timely filed a motion for directed verdict and a motion for judgment notwithstanding the verdict. Both of these motions were also based on the § 103–205 defense, and both were denied by the District Court.

On appeal to this Court an issue was raised as to whether Ga.Code Ann. § 103–205 applied to compensated sureties, such as Balboa. The question was certified to the Georgia Supreme Court which issued an opinion answering the question in the affirmative. *Balboa Ins. Co. v. A. J. Kellos Const. Co.*, 247 Ga. 393, 276 S.E.2d 599 (1981).

The only remaining issue is whether Balboa gave timely notice to sue, to Kellos, pursuant to Ga.Code Ann. § 103–205.

There is no factual dispute as to when Balboa gave notice to Kellos. Notice was given after Balboa's principal, Redmon, was declared by Kellos to be in default of its obligation to complete the construction work. What is in dispute is whether the amount of damages stemming from the default had to be known at the time of the notice, in order for the default to constitute a debt within the meaning of Ga.Code Ann. § 103–205.

Kellos has presented no persuasive authority for its contention that under Georgia law the term "debt" as used in Ga.Code Ann. § 103–205 requires that the sum of money be liquidated. *Smith v. Brooks*, 65 Ga. 356 (1880), which is cited, provides no support. The court in *Smith* simply found that the surety had not given timely notice because its notice was given two weeks before the date that the debt was scheduled to become due. *Smith* did not consider the issue of whether the amount of the debt had to be known at the time the notice was given.

We find it immaterial whether the amount of damages was known at the time Balboa gave the notice to sue. Redmon had been declared in default of the subcontract more than four months prior to the notice. Kellos in issuing its declaration of default clearly considered Redmon in debt for the default at that time. Kellos could file suit against Redmon for the recovery of its damages as of the date of its declaration of default. Suit could also be brought against Balboa as surety as of this date if Balboa failed to remedy Redmon's default as required by the bond.

The essential purpose of Ga.Code Ann. § 103–205 is to accord sureties a mechanism to compel creditors to sue the principal debtor upon the accrual of the creditor's cause of action. *See W. T. Rawleigh Co. v. Overstreet*, 84 Ga.App. 21, 26, 65 S.E.2d 50, (1951). Balboa sought to avail itself of the protection of the provision and compel Kellos to sue Redmon only after Kellos had declared Redmon in default, and thus at a time when Redmon's debt to Kellos was implicitly asserted to be due.

Balboa's notice to sue was timely. Pursuant to Ga.Code Ann. § 103–205 Kellos had three months to file suit against Redmon. Suit was not filed against Redmon within this time period. Balboa was thus discharged from liability as a matter of law. *Central Bank & Trust Company v. Price*, 136 Ga.App. 302, 221 S.E.2d 71 (1975).

Because there was no evidence presented at trial upon which the jury could properly find a verdict in favor of Kellos the District Court erred in denying Balboa's motions for a directed verdict and judgment notwithstanding the verdict. *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir. 1969).

The judgment in favor of appellee is REVERSED.