69086. PRESTON CARROLL COMPANY, INC. et al.<br>v. MORRISON ASSURANCE COMPANY.<br>(326 SE2d 486)

DEEN, Presiding Judge.

The appellants, Preston Carroll Company, Inc. and CFW Con-

struction Company, Inc., formed a joint venture and contracted with the Clayton County Water Authority for the construction of a waste water effluent field. On May 10, 1979, the appellants entered into several subcontracts with Simplicity Builders, Inc. (Simplicity), for part of the work under the water authority contract. The appellee, Morrison Assurance Company, a compensated surety, issued performance and payment bonds for Simplicity's sake, in the amounts of $171,814 and $79,699.

On February 25, 1980, the appellants terminated the various subcontracts with Simplicity due to the latter's alleged multiple breaches of the contract. Subsequently, the appellants requested that the appellee honor the performance and payment bonds by completing Simplicity's work and paying the outstanding bills for materials. On March 28, 1980, the appellee demanded that the appellants first initiate suit against Simplicity; the appellants never heeded the demand.

On March 4, 1981, an unpaid supplier of Simplicity filed suit against the appellants, Simplicity, and their respective bonding companies. The appellants in turn asserted a cross-claim against the appellee for its refusal to honor the performance and payment bonds. The appellee eventually moved for summary judgment on the cross-claim, on the basis that it was discharged from its obligations under its performance and payment bonds because of the appellants' failure to file suit against Simplicity within three months of the surety's demand, and this appeal followed from the trial court's grant of that motion. *Held*:

OCGA § 10-7-24 (formerly Code Ann. § 103-205) provides that "[a]ny surety, guarantor, or endorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor . . . to proceed to collect the debt from the principal . . .; and, if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this state), the endorser, guarantor, or surety giving the notice, as well as all subsequent endorsers and all cosureties, shall be discharged." On April 8, 1981, the Supreme Court held that this section applies to compensated as well as uncompensated sureties. *Balboa Ins. Co. v. A. J. Kellos Constr. Co.*, 247 Ga. 393 (276 SE2d 599) (1981).

In the instant case, it is undisputed that the appellants failed to proceed against Simplicity (which was within the state's jurisdiction) within three months of the notice given by the appellee in March 1980. Under the above authority, without more, the appellee would be entitled to summary judgment as a matter of law.

However, it also appears uncontroverted that, in failing to commence any action against the principal following the notice given by the surety, the appellants relied upon *Houston Gen. Ins. Co. v. Brock*

*Constr. Co.*, 241 Ga. 460 (246 SE2d 316) (1978), in which the Supreme Court held that Title 103 does not apply to compensated sureties. That court pointed out that "the surety law for compensated sureties must be found in the common law of this state. We note that Title 103 is largely a codification of the common law of surety and principal, and that many of the rules of surety law are the same or similar for compensated and uncompensated sureties. Thus we will look to Title 103, and the cases decided thereunder, as persuasive authority as to the law governing compensated sureties. Whether particular rules established under that Title differ from the law to be applied to compensated sureties must be decided on a case-by-case basis." Id. at 463-464. No case prior to *Balboa* held that the discharge provision of Code Ann. § 103-205 (now OCGA § 10-7-24) applied to compensated sureties, and the common law in this state prior to the enactment of any such discharge provision neither compelled a creditor to sue a principal at the request of the surety nor discharged the surety for the creditor's failure to commence such an action. *Howard v. Brown*, 3 Ga. 523 (1847); *Thomas v. Clarkson*, 125 Ga. 72, 78 (3) (54 SE 77) (1906).

Although the *Balboa* court did not expressly overrule *Houston Gen. Ins. Co. v. Brock Constr. Co.*, supra, it cannot be denied that the two holdings are contrary. The crux of the instant case therefore involves determining which rule governs this particular dispute between the appellants and the appellee.

The overruling of a decision is generally retroactive, but retroactive application of a decision overruling a prior decision may be declined where unjust results would accrue to those who justifiably relied upon the prior rule. *Walker v. Walker*, 247 Ga. 502 (277 SE2d 45) (1981). See also *Mutual Life Ins. Co. of N. Y. v. Barron*, 70 Ga. App. 454, 463-464 (28 SE2d 334) (1943), and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). At all pertinent times in this case, i.e., at the creation of the suretyship and notice by the surety demanding suit against the principal, the most recent pronouncement by the Georgia Supreme Court provided that Title 103, which, of course, included the discharge provision in question, *did not apply* to compensated sureties. We therefore consider the appellants' reliance upon that pronouncement to be justifiable, and the injustice of applying *Balboa* retroactively and thereby discharging the surety is obvious. Accordingly, we conclude that retroactive application of *Balboa* in this case was error and that summary judgment for the appellee was inappropriate.

*Judgment reversed. Banke, C. J., McMurray, P. J., Pope and Benham, JJ., concur. Birdsong, P. J., Carley, Sognier and Beasley, JJ., dissent.*

DECIDED JANUARY 8, 1985 —
REHEARING DENIED FEBRUARY 1, 1985 — 

*William E. Turnipseed, Henry Angel*, for appellants.
*DeWitte Thompson, Jr., Jefferson B. Slagle*, for appellee.

SOGNIER, Judge, dissenting.

I respectfully dissent. The majority has determined that the Supreme Court's decision in *Balboa Ins. Co. v. A. J. Kellos Constr. Co.*, 247 Ga. 393 (276 SE2d 599) (1981) implicitly overruled its earlier decision in *Houston &c. Co. v. Brock Constr. Co.*, 241 Ga. 460 (246 SE2d 316) (1978), and by declining to apply *Balboa* retroactively, the indirect effect of the majority's opinion is to hold that the Supreme Court in *Balboa* established a new principle of law. See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (300 SE2d 673) (1983).

I disagree. I find nothing contrary in the decisions of *Balboa* and *Houston*. Moreover, I find that the *Balboa* decision did not establish a new principle of law, but was instead clearly foreshadowed by the warning in *Houston* that "[w]hether particular rules established under that Title [former Title 103, now OCGA § 10-7-1 et seq.] differ from the law to be applied to compensated sureties *must be decided on a case-by-case basis.*" Id. at 464. (Emphasis supplied.)

Therefore I cannot agree with the majority's refusal to apply *Balboa* retroactively. In *Flewellen*, supra, which adopted the test in *Chevron Oil Co. v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971) for retroactivity the Supreme Court stated that in deciding a retroactivity question the court should: "Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Flewellen*, supra at 712. *Balboa* did not explicitly overrule any past precedent, and while the issue may have been one of first impression, the *Balboa* resolution was foreshadowed by the language used in *Houston*, supra at 464.

Although I feel that the Supreme Court's decision in *Balboa* is harsh in requiring one who has paid a surety to take additional steps before collecting from that surety the benefits for which one has paid, nevertheless the holding in *Balboa* is the law and we are constrained to follow it. I would affirm the trial court's grant of appellee's motion for summary judgment.

I am authorized to state that Presiding Judge Birdsong, Judge Carley and Judge Beasley join in this dissent.