42060. MORRISON ASSURANCE COMPANY v. PRESTON CARROLL COMPANY, INC. et al.

(331 SE2d 520)

MARSHALL, Presiding Justice.

We granted certiorari to resolve a perceived conflict between *Houston Gen. Ins. Co. v. Brock Constr. Co.,* 241 Ga. 460 (246 SE2d 316) (1978), and *Balboa Ins. Co. v. A. J. Kellos Constr. Co.,* 247 Ga. 393 (276 SE2d 599) (1981), in the 5-4 decision of the Court of Appeals in *Preston Carroll Co. v. Morrison Assur. Co.,* 173 Ga. App. 412 (326 SE2d 486) (1985). The facts of the case are set out so far as they are material in the opinion of the Court of Appeals.

The issue is whether the legislature intended that *compensated* as well as uncompensated sureties be governed by the provisions of

Code Ann. § 103-205 (now OCGA § 10-7-24).[1] In *Houston*, supra, the court ruled on Code §§ 103-103, -203 (now OCGA §§ 10-7-3, -22) in Div. 2, holding that they do not apply to compensated sureties. Although the focus was on those specific Code sections, the court, in Div. 1, examined all of Title 103 and affirmed the ruling of the Court of Appeals "that Title 103 [with the exception of Code Ann. § 103-210] was not intended to govern compensated sureties." *Houston*, supra, p. 463. To the extent that that ruling is broader than the specific issue in that case, i.e., as to Code §§ 103-103, -203, it is obiter dictum. That there was no intention to include the entire Title within the purview of that decision, is illustrated by the holding, on p. 464, that "Whether particular rules established under that Title differ from the law to be applied to compensated sureties must be decided on a case-by-case basis."

*Balboa*, 247 Ga. 393, supra, dealt solely with the issue of whether Code Ann. § 103-205 applies to compensated sureties (which we answered in the affirmative). We recognized, on p. 394, that the general ruling on all of Code Ann. Title 103, which we have quoted hereinabove from the *Houston* case, undoubtedly had prompted that certified question. Thus, as the dissenting opinion in the *Preston Carroll Co.* case, supra, stated it, *Balboa*, supra, did not explicitly overrule any past precedent (including *Houston*, supra), and while the issue may have been one of first impression, the *Balboa* resolution was foreshadowed by the language used in *Houston*, supra at p. 464.

Accordingly, the trial court did not err in granting summary judgment in favor of the appellant surety, and the judgment of the Court of Appeals reversing the trial court's judgment must be, and is, reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 19, 1985 —
REHEARING DENIED JULY 23, 1985.

*DeWitte Thompson, Jefferson B. Slagle,* for appellant.

---

[1] "Any surety, guarantor, or endorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, his agent, or any person having possession or control of the obligation, to proceed to collect the debt from the principal or any one of the several principals liable therefor; and, if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this state), the endorser, guarantor, or surety giving the notice, as well as all subsequent endorsers and all cosureties, shall be discharged . . ."

*Savell, Williams, Cox & Angel, William E. Turnipseed,* for appellees.