A89A0633. PINE TIMBER COMPANY, INC. v. ANTHONY.
(381 SE2d 591)

DEEN, Presiding Judge.

In May 1987 appellee Anthony executed a guaranty on a note on which Fall Line Forest Products, Inc., was the principal and appellant Pine Timber Company, Inc., was payee. On November 16, 1987, Anthony received from appellant's attorney a notice of acceleration and demand for payment. On November 19, pursuant to OCGA § 10-7-24, Anthony sent to appellant and its attorney a letter advising appellant to "proceed to collect the debt from the principal."

In June of 1988 appellant, without having brought an action against the principal, filed a complaint against appellee in the Superior Court of Taylor County, seeking the balance due on the note plus attorney fees and statutory interest and costs. Anthony answered, denying all allegations and asserting by way of defense that he had given the plaintiff notice on November 19 in compliance with OCGA § 10-7-24. He counterclaimed for damages on the basis that appellant's suit was "substantially frivolous, substantially groundless and

substantially vexatious and abusive." Both parties moved for summary judgment, and the trial court denied plaintiff/appellant's motion and granted that of defendant/appellee. Pine Timber Company now appeals, alleging, in essence, that OCGA § 10-7-24 has been superseded by statutes derived from the Uniform Commercial Code and codified in OCGA Title 11. *Held*:

We find nothing in the Official Code of Georgia Annotated, in general, or in Title 11, in particular, which would support appellant's position. OCGA § 10-7-24 remains a viable part of Georgia law and is cited regularly in decisions of the Georgia courts. See, e.g., *Morrison Assur. Co. v. Preston Carroll Co.*, 254 Ga. 608 (331 SE2d 520) (1985); *Brice v. Northwest Ga. Bank*, 186 Ga. App. 871 (368 SE2d 816) (1988); *Breedlove v. Hurst*, 181 Ga. App. 4 (351 SE2d 212) (1986).

Appellee's letter of November 19, 1987, is in precise compliance with the requirements of OCGA § 10-7-24. Having thoroughly examined the entire record in the instant case, we find no error.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 19, 1989.

*Jon L. Coogle*, for appellant.
*Walker, Richardson, Hulbert, Gray & Byrd, Charles W. Byrd*, for appellee.